# DOUGHTY *a.* CROZIER.

*New York Common Pleas ; General Term, April,* 1859.

### APPEAL.—AMENDMENT.—FORM OF ACTION.

The judgment of a district court of the city of New York will not be reversed on appeal, on the ground that though the complaint, which was for a conversion, relied on an implied contract, the evidence could only support an action for tort, where it appears that the defendant was not misled.

Under section 366 of the Code, a justice's court has power to allow an amendment of a complaint for conversion, changing the allegations from those appropriate to a tort, to those appropriate to a mere breach of contract. Such an amendment does not substantially change the cause of action.

Appeal from a judgment rendered in the District Court of the Fourth Judicial District of the city of New York.

The action was brought against Crozier, and L. H. Vultee, a constable who had levied an execution in favor of Crozier, and

against one Rigas, upon goods which the plaintiff claimed to own. The complaint alleged that the defendants wrongfully took, and converted to their own use, the goods mentioned. On the trial, the defendant objected that the summons did not show that the action was for a tort, whereupon the plaintiff waived the tort, and the complaint was amended by adding the words, " waiving the tort, and claim judgment in assumpsit." To the amendment the defendants did not then object. Other facts are stated in the opinion.

The justice gave judgment for the plaintiff, and the defendants appealed.

*H. P. Townsend*, for the appellants.

*J. Aiken*, for the respondent.

By the Court.—Brady, J.—The defendants were sued for taking, and converting to their own use, the property set out in the complaint. On the return-day of the summons, the defendants objected that the process did not show that the action was for tort; whereupon the plaintiff waived the tort, and the complaint was amended in this respect. To this no objection was made. The defendants then answered separately, but each asserting the alleged title of the plaintiff to have been fraudulently acquired, and alleging that the taking was under, and by virtue of an execution against Jacob Rigas, the plaintiff's vendor. The plaintiff then proved the purchase of the goods claimed, and their taking by Vultee, under the directions of the defendant Crozier. The defendant Vultee testified that Crozier also directed him to sell the goods, after notice to him (Crozier) that the goods were claimed by the plaintiff. The plaintiff having rested, a motion was made to dismiss the complaint as to defendant Crozier, and denied, and exception taken. The defendants then gave evidence tending to show that Rigas was the owner of the articles taken, and the cause was submitted. The justice found for the plaintiff. The defendants appeal mainly upon the ground that an action, in the nature of an action of assumpsit, could not be sustained against them. That they never derived any personal advantage from the seizure and sale of the property, and that no promise to pay under such circumstances can be implied,—the defendant Crozier taking the further ground,

that there is not sufficient evidence of his participation in the trespass, to warrant a judgment against him. For the purpose of determining these questions, it is unnecessary to consider the cases in which, under the former system of pleading, a person might waive the tort committed by wrongfully obtaining or converting goods, and bring an action to recover on an implied assumpsit, or promise to pay for them. The defendants were fully advised of the facts on which the plaintiff's claim was based, and introduced evidence to meet them. The action was tried on its merits, and whether the plaintiff was *rectus in curia* in form, is wholly immaterial. We are required, by section 366 of the Code, to give judgment according to the justice of the case, without regard to technical errors and defects, which do not affect the merits. Whether the action was in form assumpsit, when it should have been for taking and converting personal property, is a technical defect which cannot be regarded as affecting the merits, when the proof given and answered was such as would have been required to sustain the latter form. The facts proved show the defendants liable as trespassers, and the judgment against them cannot be disturbed. The provision of section 366 is similar to that of section 173, and which gives to the courts of record the power to amend a pleading, or proceeding, by conforming it to the facts proved, where the amendment does not substantially change the cause of action. The cause of action in this case is the same, whether urged under the form of a promise to pay, or for taking and converting goods. The judgment must therefore be affirmed.

It may not be improper to remark, in addition, that whether the alleged sale by Rigas to the plaintiff was a fraud or not, was a question of fact to be determined by the justice, and that we cannot interfere with his finding on the testimony submitted. On the facts proved, the finding might have been for the defendants, with propriety and justice. The circumstances attending, and transpiring subsequent to the sale, might well have been regarded as proof of a fraudulent device to which the plaintiff lent herself, or for which she was employed by Rigas. The judgment does not commend itself to my consideration. As before stated, however, it is not within the rule upon which judgment can be reversed, on mere questions of fact, and must be affirmed.